**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| WILLA HARNEY,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, OHIO REFORMATORY FOR WOMEN,<br><br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:22-cv-537<br><br>District Judge Jeffery P. Hopkins<br>Magistrate Judge Stephanie K. Bowman |

---

**REPORT AND RECOMMENDATION**

---

Petitioner, an inmate in state custody, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that the revocation of her community control and consecutive 48-month sentence violated her constitutional rights. (Doc. 8).[1] This matter is before the Court on the petition (Doc. 8), respondent's return of writ (Doc. 24), and various motions of petitioner for release, sentence reduction, and other relief (Docs. 10, 13, 14, 21, 27).

For the reasons stated below, the petition and motions should be denied.

## A. PETITIONER'S PETITION FOR HABEAS CORPUS RELIEF

### I. Procedural History

**State Trial Proceedings and Direct Appeal**

On March 4, 2019, a Hamilton County, Ohio, grand jury indicted petitioner in Case No. B-1901025 with theft and identify fraud. (Doc. 23, Ex. 1). Petitioner, represented by counsel,

[1]Petitioner inadvertently refers to her sentence as 46 months in the first page of her petition. (*See* Doc. 8, at PageID 49). (*See also* Doc. 23, Ex. 14, at PageID 182) (Judgment Entry, indicating total aggregate sentence of 48 months).

pled guilty to the identify-fraud charge (Doc. 23, Ex. 8), a fourth-degree felony, and the State dismissed the remaining theft charge (Doc. 23, Ex. 9). The trial court sentenced petitioner to five years community control, advising petitioner that if she "violat[ed] the terms and conditions of community control, the court would impose a term of eighteen (18) months as to [the identity fraud conviction] to be served consecutively to B-1905182 and B-1906261 for a total of forty-eight (48) months in the Department of Corrections." (Doc. 23, Ex. 10, at PageID 178). Petitioner did not appeal.

On January 13, 2022, the Hamilton County Probation Department notified the trial court that petitioner had violated the terms of her community control in Case No B-1901025, as well as in Case Nos. B-1905182 and B-1906261, in which she had been convicted of, respectively, theft and identity fraud. (Doc. 23, Ex. 120, 121).

At a hearing on February 8, 2022, at which petitioner was represented by new counsel (*see* Doc. 23, Ex. 14, at PageID 182), petitioner pled guilty to violating the terms of her community control (*see* Doc. 23, Ex. 24, at PageID 209; Doc. 23-1 (transcript)). The trial court revoked petitioner's community control, made consecutive sentence findings, and sentenced petitioner, on February 11, 2022, to 18 months in prison on the fourth-degree identity-fraud conviction in Case No. B-1901025, to be served consecutively to an 18-month prison sentence in Case No. B-1905182 for the fourth-degree theft conviction and a 12-month sentence in Case No. B-1906261 for the fifth-degree identity-fraud conviction, resulting in an aggregate 48-month prison sentence. (Doc. 23, Ex. 14, at PageID 182-84; *see also* Doc. 23-1, at PageID 494-95). On February 20, 2022, petitioner filed a motion for reconsideration (Doc. 23, Ex. 15), which the trial court denied on April 14, 2022 (Doc. 23, Ex. 16).

On April 24, 2022, through new counsel, petitioner filed an untimely appeal from the February 11, 2022 sentencing Order (Doc. 23, Ex. 17), along with a motion for leave to file the delayed appeals in Case Nos. B1901025, 1905182, and 1906261. (Doc. 23, Ex. 18). The state appellate court granted the motion (Doc. 23, Ex. 19) and consolidated the appeals under Appeal No. C220173 (*see* Doc. 23, Ex. 24, at PageID 209). Petitioner later filed a *pro se* motion to withdraw the appeal (Doc. 23, Ex. 20), along with two *pro se* motions regarding the calculation of jail-time credit (Doc. 23, Exs, 21, 22). As petitioner was represented by counsel in the appeal, the state appellate court struck the motions from the docket, indicating that if petitioner wished to dismiss her appeal she should do so through counsel. (Doc. 23, Ex. 23).

In accordance with *Anders v. California*, 386 U.S. 738 (1967), counsel for petitioner filed an appellate brief indicating that counsel could find no non-frivolous errors in the resentencing hearing on the community-control violations but was setting forth the following four issues that petitioner had raised:

1. She did not receive the correct amount of jail-time credit on each case.

2. She believes the imposition of consecutive sentences is unfair in her case and wants them to be made concurrent with each other.

3. She believes the trial court failed to consider her mental health issues which resulted in the imposition of a longer sentence.

4. She believes her trial counsel failed to provide her with effective representation.

(Doc. 23, Ex. 24, at PageID 207-22). Thereafter, counsel filed a motion to withdraw as counsel. (Doc. 25, Ex. 25). The state filed an appellee's brief (Doc. 23, Ex. 26), and through counsel, petitioner filed a motion to voluntarily dismiss the appeal. (Doc. 23, Ex. 27). On September 19, 2022, the state appellate court granted petitioner's motion for voluntary dismissal, and dismissed her appeal. (Doc. 23, Ex. 27). Petitioner did not seek further review in the Ohio Supreme Court.

**Post-Conviction Relief**

*Motions for Jail-Time Credit*

On June 7, 2022, petitioner filed a *pro se* motion for jail-time credit, citing Ohio Rev. Code §§ 2929.19 and 2967.191. (Doc. 23, Ex. 29).[2] On June 28, 2022, she filed motions for concurrent sentence, for jail-time credit/sentence reduction/compassionate release, and for jail-time credit, citing Ohio Rev. Code § 2967.191 and Ohio case law. (Doc. 23, Exs. 30-32). On September 20, 2022, the trial court denied the motions. (Doc. 23, Ex. 33). Petitioner did not appeal.

*Motions for Judicial Release*

On August 29 and September 7, 2022, respectively, petitioner filed *pro se* motions for judicial release and for a hearing, citing Ohio Rev. Code § 2929.20. (Doc. 23, Exs. 34, 35). On September 20, 2022, the trial court denied the motions. (Doc. 23, Ex. 36). Petitioner did not appeal.

*Additional Motion for Jail-Time Credit*

On November 3, 2022, petitioner filed a *pro se* motion for jail-time credit and supporting affidavit, citing Ohio Rev. Code §§ 2929.19 and 2967.191. (Doc. 23, Exs. 37, 38). The trial court denied the motion on November 14, 2022. (Doc. 23, Ex. 39). Petitioner did not appeal.

*Additional Motion for Judicial Release*

Also on November 3, 2022, petitioner filed a *pro se* motion for judicial release, citing Ohio Rev. Code § 2929.20. (Doc. 23, Ex. 40). The trial court denied the motion on November 14, 2022. (Doc. 23, Ex. 41). Petitioner did not appeal. In the meantime, petitioner filed a

---

[2]Petitioner filed the great majority of her post-conviction motions in each of the three underlying criminal cases. Because the motions are duplicative, the Court does not include the exhibit numbers for each of the underlying cases in this Report and Recommendation. (*See* Doc 23) (containing the state court record).

Motion for Direct Appeal. (Doc. 23, Ex. 42). The trial court denied the motion on November 14, 2022. (Doc. 23, Ex. 41). Petitioner did not appeal.

**Federal Habeas Corpus**

Petitioner raises the following four grounds for relief in her habeas corpus petition:

> **GROUND ONE:** My right to adequate counsel.
>
> **Supporting Facts:** Court appointed lawyer didn't properly prepare my defense[.] I asked for a p[sy]ch evaluation prior to signing my plea agreement, Sentencing Court/Judge had proof of mental breakdown prior to community control violations/new charges.
>
> **GROUND TWO:** Reduction.
>
> **Supporting Facts:** Sentencing Court received numerous pro se motions in regards to awarding [and] correcting jail time credit [and] subsequently denied all motions despite BOSCO awarding a[n] additional 100 [plus] days on B1906261 which means the 12 mos is served, that is another reason I requested a sentence modification/recalculation of jail time credit[.] I have 561 days of credit [and] that number is inaccurate.
>
> **GROUND THREE**:
>
> **Supporting Facts**:
>
> 1) Completed parenting classes (with certificate)
>
> 2) Completed corrective thinking (with certificate)
>
> 3) Obtained residence in my own name legally (can provide lease)
>
> 4) Paid restitution
>
> **GROUND FOUR**: Filed for transfer to mental health court and requested new counsel.
>
> **Supporting Facts**: Documentation supporting mental health breakdown, dual diagnosis verification/proof from Dr. Bischoff [at] UC mood disorder clinic[.] Sentencing Court didn't take these things into consideration upon sentencing me to 48 mos.

(Doc. 8, at PageID 54-59).

Respondent has filed a return of writ in opposition to the petition. (Doc. 24). According to respondent, petitioner's grounds for relief are waived, procedurally defaulted, and/or without merit.

## II. The Petition Should Be Denied.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600.

As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim

under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 565 U.S. at 38, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. _, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'*" *Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).
> Decisions by lower courts are relevant "to the extent [they] already reviewed and

interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

*a. Ground One Should Be Denied.*

In Ground One, petitioner asserts that she was denied her Sixth Amendment right guaranteed under the United States Constitution to effective assistance of counsel where counsel failed to adequately investigate a mental health defense to her community-control violations. (Doc. 8, at PageID 54-56). For the reasons below, Ground One fails on the merits and should be

denied.[3]

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court set forth the standard of review to be used in deciding ineffective-assistance-of-counsel claims. The standard is a two-part test, requiring a showing by the petitioner that (1) his or her trial attorney's conduct was constitutionally deficient; *and* (2) the attorney's deficient performance prejudiced the defense. *See Strickland,* 466 U.S. at 687.

Under the first prong of the *Strickland* test, petitioner has to show that his or her counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Judicial scrutiny must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time the conduct occurred. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that the challenged conduct fell within the wide range of reasonable professional assistance. *Id.* To satisfy the second "prejudice" prong of the *Strickland* test, petitioner has to demonstrate that a "reasonable probability" exists that, but for his or her counsel's alleged errors, he or she would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying *Strickland* to a claim of ineffective assistance in the guilty plea context); *see also Strickland*, 466 U.S. at 687-88, 694. The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was

[3]Respondent contends that Ground One has also been waived by petitioner or is barred from review by an unexcused procedural default. (*See* Doc. 24, at PageID 529-32). Because the Court finds that Ground One is without merit, the Court need not determine whether the claims are otherwise subject to default or waiver. *See Hannah v. Ishee*, 694 F.3d 596, 610 (6th Cir. 2012).

prejudiced by counsel's performance. The Court may dispose of an ineffective-assistance-of-counsel claim by finding that petitioner made an insufficient showing on either ground. *Strickland,* 466 U.S. at 697.

Here, petitioner has failed to show that she was prejudiced by counsel's alleged failure to properly investigate a mental-health defense to her community-control violations. At the revocation hearing, counsel argued for a "minimum" sentence based on petitioner's mindset at the time of the violations, stating that "there's a lot more going on behind the scenes." (Doc. 23-1, at PageID 488-89). Although petitioner contends that counsel should have requested a psychological evaluation of petitioner prior to the revocation hearing, she does not contend that she would not have pled guilty had counsel obtained the evaluation. Moreover, petitioner asserts that the "Sentencing Court/Judge had proof of mental defect/mental breakdown prior to community control violations/new charges." (Doc. 8, at PageID 54). Given counsel's arguments and the trial court's alleged awareness of petitioner's mental state at the time of the community-control violations, petitioner's assertion that additional investigation would have led to a more favorable sentence is based on mere speculation.[4] "Speculation cannot suffice to establish the requisite prejudice [required for an ineffective assistance of counsel claim]." *Kane v. Nagy*, No. 19-CV-12262, 2022 WL 4137811, at *8 (E.D. Mich. Sept. 12, 2022) (quoting *Pillette v. Berghuis*, 408 F. App'x 873, 887 (6th Cir. 2010) (alteration in original)).

Accordingly, Ground One should be denied.

*b. Grounds Two and Three Should Be Denied.*

In Grounds Two and Three, petitioner asserts that her constitutional rights were violated when the trial court failed to grant various post-conviction motions for jail-time credit and/or for

[4]Moreover, the trial court had previously advised petitioner that if she violated the terms and conditions of community control, she would receive the 48-month sentence that the court imposed. (Doc. 23, Exs. 10, 51, 91).

judicial release. (Doc. 8, at PageID 56-59). Because Grounds Two and Three are non-cognizable in federal habeas review, they should be denied.[5]

As our sister court in the Northern District of Ohio has found:

> Although [petitioner] alleged a constitutional violation, [petitioner's] argument rests on an alleged failure to give [petitioner] the correct jail time credit under Ohio law. A challenge to a state court's interpretation and application of Ohio's sentencing and crediting laws is not cognizable in a federal habeas corpus action. *Howard v. White*, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003) (jail time credit); *Kipen v. Renico*, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); *Nash v. Bradshaw*, No. 1:13CV1890, 2015 WL 5057638, at *6 (N.D. Ohio Aug. 25, 2015); *Turner v. Moore*, No. 1:12CV683, 2014 WL 861196, at *14 (N.D. Ohio Feb. 5, 2014) (citing cases); *Ball v. Houk*, No. 1:05 CV 2120, 2007 WL 4556676, at *13 (N.D. Ohio Dec. 20, 2007) (state court's alleged misinterpretation of crediting statutes is matter of state law). Federal habeas relief is not available for a claimed error of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

*Reeves v. Sloan*, No. 5:15CV2063, 2016 WL 3079029, at *4 (N.D. Ohio Apr. 18, 2016), *report and recommendation adopted*, No. 5:15CV2063, 2016 WL 3063860 (N.D. Ohio May 31, 2016). *Cf. Lewis v. Gross*, No. 2:19-CV-00062, 2022 WL 2232194, at *4 (M.D. Tenn. June 21, 2022) ("In this case, all of Petitioner's efforts in both state and federal court have been directed toward the correction of an allegedly mistaken computation of sentence credits during 2017 revocation proceedings—a matter of state law that is not cognizable under Section 2254.").

Petitioner asserts that she received 561 days of jail-time credit, but is entitled to an "additional 100 [plus] days." (Doc. 8, at PageID 56). She thus takes issue with the trial court's calculation of jail-time credits. "[S]entencing in Ohio State courts is governed by State law." *Cool v. Miller*, No. 5:13 CV 1139, 2016 WL 2610564, at *2 (N.D. Ohio May 6, 2016). "A challenge to a state court's interpretation and application of Ohio's sentencing and crediting laws is not cognizable in a federal habeas corpus action." *Reeves*, 2016 WL 3079029, at *4 (citing,

[5]Having determined that Grounds Two and Three are not cognizable in federal habeas review, the Court does not reach respondent's alternative merits and procedural-default arguments. *Cf. Hannah,* 694 F.3d at 610.

*inter alia*, *Howard*, 2003 WL 22146139, at *2). *See also Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [the petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254.").

Likewise, "[c]hallenges to the denial of a motion for judicial release are not cognizable on federal habeas review because there is no federal constitutional right to early judicial release." *McQuistan v. Sheldon*, No. 1:20-CV-00656, 2023 WL 2634128, at *25 (N.D. Ohio Feb. 10, 2023), *report and recommendation adopted,* No. 1:20-CV-00656, 2023 WL 2633534 (N.D. Ohio Mar. 24, 2023).

Accordingly, Grounds Two and Three should be denied.

*c. Ground Four Should Be Denied.*

In Ground Four, petitioner asserts that her constitutional rights were violated because she "filed for transfer to mental health court and requested new counsel." (Doc. 8, at PageID 59). For the reasons below, Ground Four is without merit and/or non-cognizable in federal habeas review and should be denied.[6]

Petitioner does not have a constitutional right to have a matter transferred to a mental health court. *See, e.g., State v. Moore*, 354 P.3d 505, 510 (Idaho App. 2015) (declining to find a right to be admitted into a mental health court). Rather, as with Ground One, petitioner's concern appears to lie with the length of the sentence she received. (*See* Doc. 8, at PageID 59) (alleging that "Sentencing Court did not take [petitioner's mental health] into consideration upon sentencing [her] to 48 mos."). However, for the reasons stated in considering Ground One, petitioner has not shown that her 48-month sentence was the result of ineffective assistance of counsel.

---

[6]Having determined that Ground Four is without merit and/or non-cognizable, the Court does not reach respondent's alternative procedural-default argument. *See Hannah*, 694 F.3d at 610.

Further, "[a]bsent evidence that a petitioner's sentence exceeded the statutory maximum for her crime, the length of her sentence is typically not cognizable in federal habeas corpus proceedings." *Waterford v. Washburn*, 455 F. Supp. 3d 579, 601–02 (M.D. Tenn. 2020) (citing *Hutto v. Davis*, 454 U.S. 370, 373–74 (1982); *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000)). Petitioner's consecutive 48-month sentence fell within the statutory range for her offenses. *See* Ohio Rev. Code § 2929.14(A)(4), (A)(5). As such, a challenge to her sentence is not cognizable on federal habeas review. *See Robbins v. Warden, Chillicothe Corr. Inst*., No. 1:15-CV-181, 2016 WL 1039568, at *11 (S.D. Ohio Mar. 7, 2016), *report and recommendation adopted*, No. 1:15CV181, 2016 WL 1572963 (S.D. Ohio Apr. 19, 2016) (finding that the petitioner's challenge to the imposition of consecutive sentences was not cognizable on habeas review where sentences fell within the statutory penalties). *See also Powers v. Warden, London Corr. Inst.*, No. 2:13-CV-1179, 2015 WL 46136, at *4 (S.D. Ohio Jan. 2, 2015) ("Imposition of consecutive terms of incarceration does not violate clearly established federal law construing the Due Process Clause, or make the state court proceedings fundamentally unfair.")/

Accordingly, Ground Four should be denied.

**B. <u>PETITIONER'S MOTIONS</u>**

Petitioner has filed three motions for emergency release (Docs. 10, 14, 27), a motion for reduction in sentence (Doc. 13), and a motion for immediate ruling and resolution of this matter (Doc. 21). The motions should be denied.

The Court first considers petitioner's motions for emergency release and for a reduction in sentence (Docs. 10, 13, 14, 27), which the Court understands to be motions for compassionate release. "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release." *Fox v. Warden Ross Corr. Inst.*, No. 2:12-CV-476, 2012 WL 3878143,

at *2 (S.D. Ohio Sept. 6, 2012), *report and recommendation adopted,* No. 2:12-CV-476, 2012 WL 5198362 (S.D. Ohio Oct. 19, 2012). Indeed, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* (quoting *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979)).

Further, even assuming, *arguendo,* that petitioner's motions for release and for sentence reduction are properly before the Court, she has not demonstrated that she has exhausted her state-court remedies as required by § 2254. *See Walker v. Warden, Warren Corr. Inst*., No. 1:20-CV-302, 2022 WL 4553337, at *7 (S.D. Ohio Sept. 28, 2022) ("Ohio's trial courts have the power to liberally and expeditiously grant appropriate requests for judicial release.") (quoting *State ex rel. Lichtenwalter v. DeWine*, 143 N.E.3d 507, 507 (Ohio 2020) (Donnelly, J., concurring)). A review of the on-line docket records maintained by the Clerk of the Ohio Supreme Court does not reveal that any appeals from the denial of any state-court matters have been opened in the Ohio Supreme Court, as would be required to exhaust her remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999).

The Court next considers petitioner's motion for immediate ruling and resolution of this matter (Doc. 21). Given the Court's recommendations herein to deny petitioner's habeas corpus petition (Doc. 8) and her motions for release and sentence reduction (Docs. 10, 13, 14, 27), plaintiff's motion for immediate ruling (Doc. 21) should be denied as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's *pro se* petition for a writ of habeas corpus (Doc. 8) be **DENIED with prejudice**.

2. Petitioner's motions for emergency release (Docs. 10, 14, 27), for reduction in sentence (Doc. 13), and for immediate ruling and resolution of this matter (Doc. 21) **be DENIED**.

3. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis*, an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith." *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

**IT IS SO RECOMMENDED.**

August 17, 2023

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
United States Magistrate Judge